

Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main:  212.392.4772
Direct:  212.444.1024
Fax:  212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

March 5, 2020

<u>VIA ECF</u>
Hon. Lance M. Africk, U.S.D.J.
U.S. District Court for the Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

   Re: <u>Lesley Ann Saketkoo, MD, MPH v. Tulane School of Medicine, Tulane University, Lee Hamm, MD, and Joseph Lasky, MD,
No. 2:19-cv-12578</u>

Dear Judge Africk:

   This firm and the Vasquez Law Office represent the Plaintiff Lesley Ann Saketkoo, MD, MPH. We submit this status report in accordance with Your Honor's February 6, 2020 Order (Doc. No. 33).

1. <u>List of the parties and counsel and who they represent:</u>
- Plaintiff Lesley Ann Saketkoo, MD, MPH: Douglas Lipsky of Lipsky Lowe LLP *via Pro Hac Vice* and Jessica Vasquez of Vasquez Law Office.
- Defendants Tulane School of Medicine, Tulane University and Lee Hamm, MD: Julie D. Livaudais, Jesse Frank and Rosalie M. Haug of Chaffe McCall L.L.P.
- Defendant Joseph Lasky, MD: Ben M. Castoriano and Leslie Ehret of Frilot L.L.C.

2. <u>List of pending motions:</u>
  None.

3. <u>Dates and times of any status conference, pretrial conference and trial:</u>
  A Final Pretrial Conference is scheduled for July 16, 2020 at 2:00 p.m. and trial is scheduled to commence on August 24, 2020 at 8:30 a.m., which will be a jury trial. (Doc. No. 32).

   4. <u>Brief description of the factual and legal issues underlying the dispute.</u>
  From 2015 until her unlawful termination in June 2019, Plaintiff Saketkoo was an Associate Professor of Medicine in the Department of Medicine at the Tulane School of



Medicine and held faculty appointments in both pulmonary medicine and rheumatology. Defendant Lasky was section chief of the pulmonary division within the Department of Medicine and supervised Plaintiff Saketkoo, which included make decisions on her compensation, clinic hours and ultimately to terminate her employment. Defendant Hamm is the Dean of the School of Medicine and supervised Defendant Lasky.

Throughout her employment at the School of Medicine, Defendant Lasky subjected Plaintiff Saketkoo to repeated gender-based harassment and discrimination. This includes discriminatory and harassing comments and proactively preventing her career from advancing. He also threatened her with physical harm. Plaintiff Saketkoo is unfortunately and unsurprising not Dr. Lasky's first victim. He has subjected many other women at the School of Medicine to similar unlawful bad acts.

Hoping to put a stop to the harassment, Plaintiff Saketkoo complained to the School of Medicine about Defendant Lasky's behavior. But the school took no action – even though it was aware of Defendant Lasky's pattern of discriminating against and harassing women. Defendant Hamm, in fact, did everything to protected Dr. Lasky, including fabricating a reason for terminating her employment.

Consistent with this behavior, the School of Medicine further discriminated against Plaintiff Saketkoo by paying her less than her male peers – despite they had the same skill level and responsibility. This resulted in significant financial loss to Plaintiff Saketkoo.

Following Plaintiff's December 19, 2010 Notice of Partial Voluntary Dismissal (Doc. No. 11) and the Court's February 14, 2020 Order partially denying Defendant Lasky's Motion to Dismiss (Doc. No. 37), the following claims remain to be litigated: gender discrimination, hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 200e *et seq.* as against the School of Medicine; violations of the Equal Pay Act, 29 U.S.C. §§ 206, *et seq.*, as against all Defendants; and civil assault under the Louisiana Civil Code as against Defendant Lasky.

5. <u>Discovery that remains to be done.</u>

This is not a typical single plaintiff employment case that follows the normal discovery path. Significant discovery is, rather, needed because of the multiple entities and players involved. Plaintiff has already served Interrogatories and Document Requests upon all Defendants and will depose both individual Defendants and a Rule 30(b)(6) designee. But far more than that is required. Plaintiff is pursuing key third-party document and deposition discovery from: (i) three key out-of-state witnesses who have important knowledge regarding the issues in this litigation; (ii) third-party hospitals that either complained to Defendants (putting them on notice) about Dr. Lasky's mistreatment of women prior to his wrongful acts against Plaintiff, or whom Drs. Hamm and Lasky contacted after terminating Plaintiff in their continued retaliation against her to pressure



those facilities not to hire Dr. Saketkoo; and (iii) numerous women who were subjected to the same mistreatment and raised their concerns to Defendants to no avail.

      6.     <u>Status of settlement negotiations.</u>

Negotiations have not begun. Plaintiff Saketkoo first wants the benefit of certain discovery before we believe negotiations will be productive. We do intend to request a settlement conference with Magistrate Judge North in May or June.

We thank the Court for its time and attention to this matter.

    Respectfully Submitted,
    LIPSKY LOWE LLP


    <u>s/ Douglas B. Lipsky</u>
    Douglas B. Lipsky
    (*Via Pro Hac Vice*)

cc:    Jessica Vasquez (Via ECF)
       Lesley W. Ehret, Esq. (Via ECF)
       Julie D. Livaudais, Esq. (Via ECF)