UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LESLEY ANN SAKETKOO, MD, MPH | * | CIVIL ACTION |
| | * | |
| Plaintiff | * | NO. 19-cv-12578 |
| | * | |
| VERSUS | * | JUDGE LANCE M. AFRICK |
| | * | |
| TULANE UNIVERSITY SCHOOL OF | * | MAGISTRATE JUDGE |
| MEDICINE, ADMINISTRATORS OF THE | * | MICHAEL NORTH |
| TULANE EDUCATIONAL FUND, LEE HAMM, | * | |
| MD, AND JOSEPH LASKY, MD | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLETE AND
COMPLIANT RESPONSES TO DR. LASKY'S FIRST SET OF DISCOVERY TO
<u>PLAINTIFF AND FOR ATTORNEY'S FEES</u>**

Defendant Joseph Lasky, M.D. ("Dr. Lasky") submits this memorandum in support of his motion to compel Plaintiff, Dr. Lesley Ann Saketkoo ("Plaintiff"), to provide complete and compliant responses to his Interrogatories and Requests for Production of Documents. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Dr. Lasky also requests Plaintiff be ordered to pay his reasonable attorney's fees for bringing this motion.

As required by Fed. R. Civ. P. 37(a)(1), Dr. Lasky has conferred at length with Plaintiff's counsel prior to filing this motion and has in good faith attempted to resolve these issues without the need for the Court's intervention.

## BACKGROUND

1. **Factual Background**

Plaintiff, a rheumatologist, was appointed Clinical Assistant Professor in Tulane School of Medicine's Section of Clinical Immunology in December 2014. Her appointment was for one year

and eligible for annual renewal. Despite Plaintiff's failure to meet required productivity standards while working in the Clinical Immunology Section, her appointment was renewed in 2015 and 2016. In 2017, after concerns were raised about Plaintiff's continued failure to meet productivity standards in the Clinical Immunology Section, the Department Chair approached Dr. Lasky about accepting Dr. Saketkoo into the Pulmonary Diseases Section to enhance opportunities for her success. Dr. Lasky, Chief of the Pulmonary Diseases Section, agreed to the transfer.

Unfortunately, Plaintiff's failure to meet productivity standards continued in the Pulmonary Diseases Section. Both in Immunology and Pulmonology, Plaintiff was expected to make every effort to cover her salary with her productivity, but she never came close to doing so in either section. To be sure, Tulane's Chair of Medicine (Dr. Lasky's supervisor) mandated that all physicians meet their metrics, which in Plaintiff's case was seeing a minimum of eight patients per half-day clinic. Plaintiff was the only member of the section who refused to change her clinic profile to even attempt to meet her metrics. Instead, she typically saw only four patients (predominantly "revisit" patients) per half-day clinic. In accordance with the Chair's directives, Dr. Lasky repeatedly encouraged Plaintiff to make the necessary changes. Dr. Lasky asked to meet with Plaintiff to discuss ideas for how she could narrow the gap in her productivity, but Plaintiff refused to make the necessary adjustments. In fact, after September 2018, Plaintiff unilaterally refused to attend meetings with Dr. Lasky and pulmonary administrators scheduled to discuss her productivity. Over time, Plaintiff's lack of productivity and refusal to participate in efforts to help her improve, coupled with other significant disruptive and inappropriate behavior, adversely impacted the functioning of the Pulmonary Diseases Section. In February 2019, Dr. Lee Hamm, Dean of Tulane Medical School, met with Plaintiff and notified her that her appointment would

not be renewed; her appointment expired by its terms on June 30, 2019.[1]

## 2. Plaintiff's Lawsuit

Displeased with Tulane's decision not to renew her appointment, Plaintiff brings this baseless suit against Tulane, Dr. Lasky and Dr. Hamm. Plaintiff's hyperbole-filled, thirty-seven-page Complaint alleges, with respect to Dr. Lasky, that he spoke down to her, showed favoritism to male physicians, and did not give her credit for her work. Tellingly, Plaintiff made these allegations of unfair treatment at the February 2019 meeting with Dr. Hamm after he told her that, due to performance and productivity problems, her appointment would not be renewed. Tulane's Office of Institutional Equity (OIE) immediately initiated an investigation of Plaintiff's allegations, interviewing numerous witnesses and reviewing multiple documents, and concluded Plaintiff's allegations were not supported.

Plaintiff's only remaining claims against Dr. Lasky are: (1) Equal Pay Act and (2) civil assault.[2] Plaintiff's EPA claim against Dr. Lasky is meritless for numerous reasons, not least that Dr. Lasky did not set or pay Plaintiff's compensation and obviously was not her "employer" as required to assert that claim against him. As to civil assault, absolutely nothing about the September 13, 2018, incident (the only incident that forms the basis for that claim) comes close to constituting assault. Indeed, in his February 14, 2020, ruling granting Dr. Lasky's motion for dismissal of Plaintiff's claim for intentional infliction of emotional distress but denying his motion as to assault, Judge Lance Africk stated his decision not to dismiss that claim on the face of Plaintiff's own (patently false) allegations was a "close call." R. Doc. 37, p.10.

---

[1] Even though her appointment to the Pulmonary Section was not renewed, Plaintiff remains an Adjunct Associate Professor of Medicine in the Department of Medicine.

[2] Plaintiff voluntarily dismissed her claims against Dr. Lasky under the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et. seq*., on December 19, 2019 (R. Doc. 11). On February 14, 2020, the Court dismissed Plaintiff's intentional infliction of emotional distress claim against Dr. Lasky (R. Doc. 37).

3. **Scheduling Order**

The Court's original Scheduling Order was entered on February 5, 2020 (R. Doc. 32). In light of challenges imposed by the COVID-19 pandemic, the Court granted the parties' joint motion to continue the trial and scheduling order deadlines (R. Doc. 46). Thereafter, a new Scheduling Order was entered (R. Doc. 48). Pursuant to the Scheduling Order, depositions for trial use must be taken and all discovery completed no later than August 17, 2020. (R. Doc. 48).

Importantly, during a status conferenced held March 12, 2020, Judge Africk emphasized he will <u>not</u> continue the trial date or scheduling order deadlines absent truly exceptional circumstances. It is for this reason in particular that Plaintiff's inexcusable conduct in delaying discovery outlined below is highly relevant. Her conduct has put the defendants in an impossible (or, at a minimum, severely burdensome and impractical) position vis-à-vis complying with discovery deadlines and requires the Court's immediate intervention.

4. **Timeline of Plaintiff's Delinquency in Responding to Discovery**

On March 2, 2020, Dr. Lasky and his co-defendant, the Administrators of the Tulane Educational Fund ("Tulane"), served on Plaintiff their first sets of interrogatories and requests for production of documents. *See* Exhibit "A" and Exhibit "B." On March 5, 2020, Plaintiff served on Dr. Lasky and Tulane her First Sets of Interrogatories and Requests for Production of Documents. *See* Exhibit "C." Pursuant to Fed. R. Civ. P. 34(b)(2)(A), Plaintiff's responses to Dr. Lasky's and Tulane's discovery requests were due on April 1, 2020, and Dr. Lasky's and Tulane's responses were due on April 6, 2020.

On April 1, 2020, Plaintiff's counsel requested an extension until April 15, 2020, to respond to the defendants' discovery requests. *See* Exhibit "D." Given the challenges presented by the COVID-10 pandemic, Plaintiff's counsel's request initiated a discussion regarding mutual

4

extensions to the parties' deadlines to respond to discovery and, eventually, counsel for Dr. Lasky proposed Plaintiff's responses be due on May 13 and the defendants' responses be due on May 20 (i.e., staggered in a manner consistent with the original difference in the due dates for the parties' responses). *See* Exhibit "E." Plaintiff would not agree to the proposed staggered due dates, instead insisting the parties' discovery responses be due on the same date. *See id*. In the spirit of cooperation, the defendants obliged Plaintiff's counsel's request and agreed all parties' discovery responses would be due on May 20. *See* Exhibit "F."

Despite working on the front line of the fight against COVID-19 between mid-March and May 20, 2020, Dr. Lasky provided his discovery responses by the agreed May 20, 2020, deadline, devoting significant time to ensure he could do so. *See* Exhibit "G." Plaintiff, however, did not meet the May 20, 2020, deadline. On May 20, Plaintiff served written responses to Dr. Lasky's requests for production of documents in which she stated, as to all but three of Dr. Lasky's requests, that responsive documents would be produced at some future unknown date after she had completed a "reasonable search." *See* Exhibit "H." With the exception of her CV and tax returns, Plaintiff produced no responsive documents. Plaintiff stated:

> We are currently having technology issues but will endeavor to get the remainder of the document production and the Responses to Interrogatories in short order.

*Id*.

On May 22, 2020, having received no additional discovery responses or update as to the status of discovery responses from Plaintiff, counsel for Dr. Lasky wrote to Plaintiff's counsel requesting a Rule 37 discovery conference. *See* Exhibit "I." Plaintiff's counsel responded with the following:

> Apologies but something unexpected has come up and we need a little more time for the responses/objections to the outstanding Interrogatories and producing the

>additional responsive documents. Thanks for your anticipated understanding and I will circle back before May 27th, which is a Wednesday.

*Id.* Counsel for Dr. Lasky responded by asking for more detail regarding what "came up" that explained Plaintiff's failure to provide discovery responses almost three months after they were served, noting that Plaintiff did not ask for an extension prior to the May 20 deadline agreed upon by all parties and still refused to provide any firm date by which responses would be provided (indeed, <u>Plaintiff happily allowed the defendants to work tirelessly to meet the May 20 deadline, clearly knowing prior to May 20 that she would not meet the deadline</u>). *See id.*

The parties conducted a telephone conference on May 27 to discuss the status of Plaintiff's discovery responses. During the conference, Plaintiff's counsel informed defense counsel that her co-counsel would be withdrawing from the case. She requested two additional weeks (until June 10, 2020) to respond to the defendants' discovery requests and promised to provide an update regarding the status of Plaintiff's discovery responses by June 3. On June 3, Plaintiff's counsel wrote to defense counsel stating her answers to the defendants' interrogatories would be provided by June 5 and "We will have all document production completed by June 10th." *See* Exhibit "J." Trusting Plaintiff would adhere to her promise to produce all documents by June 10 (particularly since that would have provided Plaintiff an additional three weeks from the May 20 deadline <u>she</u> had insisted on), defendants refrained from filing a motion to compel.

Plaintiff provided her Answers to Interrogatories on June 5. *See* Exhibit "K." On June 10, Plaintiff produced a jumble of documents. *See* Exhibit "L." Plaintiff's June 10 correspondence, which included an outrageously overbroad draft Notice of 30(b)(6) deposition to Tulane, stated, "Dr. Saketkoo's responsive documents are accessible via the link below." *Id.* The documents were contained in two unsearchable PDF files of disjointed e-mails and instant messages. Plaintiff did not indicate any additional documents responsive to the defendants' discovery requests had

6

not yet been produced and, importantly, she did not identify which documents answered which requests.

Dr. Lasky expeditiously reviewed Plaintiff's discovery responses and, on June 19, 2020, provided Plaintiff a letter listing the numerous deficiencies in Plaintiff's responses. *See* Exhibit "M." These deficiencies included, among others: (1) Plaintiff incorporating into every one of her responses to Dr. Lasky discovery requests numerous boilerplate "General Objections" – Plaintiff claimed every single one of Dr. Lasky's discovery requests was "vague, ambiguous and incomprehensible" and sought "confidential information" that is "not relevant to any party's claims and defenses," and (2) Plaintiff failing to identify documents responsive to each specific request for production as required by Fed. R. Civ. P. 34.

A Rule 37 discovery conference was held on June 23 and 24, 2020. During the multi-hour conference, Plaintiff's counsel for the first time informed the defendants they were in possession of, but had not yet produced, an additional **8,500 pages** of responsive documents. That is to say, the vast majority of responsive documents had not yet been produced. Plaintiff's counsel noted the documents not produced included, among others, numerous e-mail attachments. Plaintiff's counsel first asked for two weeks to produce these documents, but when pressed, stated they would attempt to produce them by Monday, June 29.[3] They also agreed to specifically identify which of the documents produced are responsive to each of the defendants' discovery requests and to supplement Plaintiff's answers to Dr. Lasky's interrogatories to correct various deficiencies, including that each response came with a boilerplate objection.

---

[3] Plaintiff's counsel stated the reason for the delay in production was "technical difficulties" relating to their receipt of e-mails from their client. While Dr. Lasky certainly understands technical difficulties can arise (perhaps delaying a production by two or three days), it is patently unreasonable that technical difficulties can justify a failure to produce documents approximately **four months** after the discovery requests were served.

On June 30, 2020, Plaintiff provided supplemental responses to Dr. Lasky's and Tulane's discovery requests. *See* Exhibit "N." Plaintiff produced approximately 6,500 pages of additional documents. Unfortunately, Plaintiff's supplemental responses still do not confirm she has now produced all documents responsive to the defendants' discovery requests. To the contrary, despite confirming during the Rule 37 conference that numerous attachments to e-mails had not yet been produced, Plaintiff still has not produced the attachments to numerous e-mails. Four months and numerous extensions and false promises later, with less than seven weeks remaining until the close of discovery, Plaintiff <u>still</u> has not produced complete responses to the defendants' discovery requests. In addition, Plaintiff's supplemental discovery pleadings did not correct a number of additional deficiencies discussed during the Rule 37 conference – including removal of blanket, boilerplate objections.

## LAW AND ARGUMENT

1. **Legal Standard**

Federal Rule of Civil Procedure 37(a) governs a party's motion to compel discovery responses. Rule 37(a)(3)(B) provides that a party may move for an order compelling another party to answer interrogatories and produce documents when the party has failed to do so. Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." If the Court grants a motion to compel, it **must** require the party whose conduct necessitated the motion, the party's attorney, or both, to pay the movant's reasonable expenses incurred in bringing the motion, including reasonable attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

## 2. Deficiencies in Plaintiff's Original and Supplemental Discovery Responses

### a. Failure to Produce Responsive Documents

Plaintiff's counsel stated during the parties' Rule 37 conference that Plaintiff had approximately 8,500 pages of documents responsive to the defendants' discovery requests that had not been identified or produced. Plaintiff's June 29 supplemental discovery responses and production confirm she has <u>not</u> produced all documents responsive to Dr. Lasky's discovery requests. Plaintiff's written responses to Dr. Lasky's Requests for Production of Documents each explicitly "adopt and incorporate" her boilerplate General Objections and original responses, each of which states "Plaintiff will produce any non-privileged documents responsive to this Request that she can locate after a reasonable search." Although Plaintiff identifies documents responsive to each document request, she does not confirm that the documents identified are <u>all</u> of the documents responsive to each request that are in her possession. To the contrary, in the 6,500 pages of documents produced (fewer than the 8,500 additional pages referenced during the Rule 37 conference), Plaintiff did not produce numerous e-mail attachments. Examples of six e-mails produced without attachments are attached as Exhibit "O." It is impossible for Dr. Lasky to know how many documents have not been produced, but it is clear numerous documents have not been produced.

Plaintiff must produce all documents responsive to Dr. Lasky's discovery requests <u>immediately</u> and must confirm, without making such confirmation subject to boilerplate objections and that she is still performing a "reasonable search."

### b. General Deficiency – Boilerplate General Objections

Plaintiff's incorporation of "General Objections" in her original and supplemental responses to <u>all</u> of Dr. Lasky's discovery requests is not permitted by the Federal Rules of Civil

Procedure or this section's guidelines. For instance, Plaintiff improperly objects to every single discovery request propounded by Dr. Lasky on the basis that they are "vague, ambiguous and incomprehensible," and seek "information not relevant to any party's claims or defenses," "to impose obligations beyond those authorized by the Federal Rules of Civil Procedure," and "confidential information." Plaintiff objects to every single discovery request on the basis that they are unduly burdensome. These boilerplate objections, especially without specifics, certainly do not apply.

Dr. Lasky requests the Court enter an order requiring Plaintiff to either withdraw her objections or state with specificity as to each and every Interrogatory and Request for Production of Documents why every General Objection applies.

### c. Specific Deficiencies in Plaintiff's Original and Supplemental Answers to Interrogatories

**INTERROGATORY NO. 1:**

Identify by name, address, telephone number and present employer those persons who you believe can support or substantiate the allegations of wrongdoing by Dr. Lasky contained in your Complaint or who otherwise have knowledge of any facts relevant to your claims against Dr. Lasky in this suit. For each individual listed, state whether, and if so when, you or anyone acting on your behalf contacted that individual in connection with your claims, describe in as much detail as possible the information known by that individual, and identify any recorded statement (written or otherwise) made by that individual relating to your claims against Dr. Lasky.

**DEFICIENCY AND RELIEF REQUESTED:**

- Plaintiff's original and supplemental answers to this Interrogatory fail to provide requested information for each individual identified. For example, Plaintiff fails to "describe in as much detail as possible the information known by that individual," instead simply copying

and pasting the same one-line description regarding each individual's knowledge. Plaintiff also fails to state whether she or anyone acting on her behalf contacted each individual in connection with her claims.

- Plaintiff should be required to: (1) withdraw all objections to this interrogatory and (2) provide the requested information for each individual identified.

**INTERROGATORY NO. 3:**

For each of the following allegations contained in your Complaint, (1) identify all witnesses who have or may have information supporting and/or relating to the allegation and describe in as much detail as possible the information that witness possesses or may possess, and (2) identify all documents that contain information supporting and/or relating to the allegation:

1. Your allegation that Dr. Lasky is or was your employer within the meaning of the FLSA and/or the Equal Pay Act;

2. Your allegation that Tulane School of Medicine and Tulane University provided you lower pay than similarly situated male colleagues on the basis of your gender;

3. Your allegation that the alleged difference in pay between you and your male colleagues was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to gender;

4. Your allegation that Dr. Lasky willfully violated the Equal Pay Act within the meaning of 29 U.S.C. 255(a);

5. Your allegation that, during a September 13, 2018, meeting with Dr. Lasky, he intentionally assaulted you and put you in reasonable apprehension of being battered;

6. Your allegation that Dr. Lasky threatened you with imminent physical harm;

7. Your allegations that Dr. Lasky's treatment of women was abusive and "reported on numerous occasions";

8. Your allegation that "Dr. Lasky disdained and frequently and physically lashed out at women faculty and staff"; and

9. Your allegation that "Dr. Lasky engaged in hostile and physically threatening behavior against other women faculty and staff."

**DEFICIENCY AND RELIEF REQUESTED:**

- Plaintiff's original and supplemental answers to this interrogatory fail to separately identify witnesses who have information supporting each of the separately numbered allegations listed in the interrogatory. For example, although it is central to Plaintiff's Equal Pay Act claim against Dr. Lasky that Dr. Lasky be found to have been Plaintiff's "employer," Plaintiff does not identify which individuals have information on that subject. Plaintiff also fails to separately identify documents supporting each of the allegations listed in this interrogatory (Plaintiff identifies documents that support all of the listed allegations globally, but does not specific which documents support which allegations).

- Plaintiff should be required to: (1) withdraw all objections to this interrogatory, (2) separately identify which witnesses Plaintiff believes have knowledge regarding each of the allegations separately listed in this interrogatory, and (3) separately identify which documents Plaintiff believes support each of the allegations listed in this interrogatory.

**INTERROGATORY NO. 11:**

With respect to every claim you assert against Dr. Lasky, state each element of damages and the precise amount of damages you allege you have sustained as a result of the conduct of Dr. Lasky and how that dollar amount was calculated.

**DEFICIENCY AND RELIEF REQUESTED:**

- Plaintiff's supplemental answer to this interrogatory states the categories of damages allowed by each claim but it does not provide her factual estimate of damages.

- Plaintiff should be required to supplement her answer this interrogatory to, at a minimum, explain the estimated and known amounts of damages she claims to have suffered with respect to each claim she asserts against Dr. Lasky.

   d. **Specific Deficiencies in Plaintiff's Original and Supplemental Responses to Requests for Production**

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents that contain information supporting and/or relating to each of the following allegations contained in your Complaint:

1. Your allegation that Dr. Lasky is or was your employer within the meaning of the FLSA and/or the Equal Pay Act;

2. Your allegation that Tulane School of Medicine and Tulane University provided you lower pay than similarly situated male colleagues on the basis of your gender;

3. Your allegation that the alleged difference in pay between you and your male colleagues was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to gender;

4. Your allegation that Dr. Lasky willfully violated the Equal Pay Act within the meaning of 29 U.S.C. 255(a);

5. Your allegation that, during a September 13, 2018, meeting with Dr. Lasky, he intentionally assaulted you and put you in reasonable apprehension of being battered;

6. Your allegation that Dr. Lasky threatened you with imminent physical harm;

7. Your allegations that Dr. Lasky's treatment of women was abusive and "reported on numerous occasions";

8. Your allegation that "Dr. Lasky disdained and frequently and physically lashed out at women faculty and staff"; and

9. Your allegation that "Dr. Lasky engaged in hostile and physically threatening behavior against other women faculty and staff."

**DEFICIENCY AND RELIEF REQUESTED:**

- Plaintiff's response to this request improperly objects on the basis that it "calls for legal conclusions." Dr. Lasky's request that Plaintiff produce documents supporting specific allegations in her Complaint in no way calls for legal conclusions.

- Plaintiff's response fails to separately identify documents responsive to each of this request's nine subparts (Plaintiff identifies documents that support all of the listed allegations globally, but does not specific which documents support which allegations).

- Plaintiff should be required to: (1) withdraw her objections to this request, (2) identify documents responsive to each subpart of this request, and (3) confirm she has <u>completed</u> a search for documents responsive to this request as required by the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 11:**

Produce a signed copy of the attached Employment Authorization form to permit Dr. Lasky to obtain employment records from your past and present employers.

**DEFICIENCY AND RELIEF REQUESTED:**

- Plaintiff's objection that "defendants already have served subpoenas on Plaintiff's prior employers" is not a valid basis to object to providing a signed Employment Authorization

that will allow Dr. Lasky to obtain relevant documents. Dr. Lasky is not required to obtain documents by subpoena that can be obtained in a more cost-effective and expeditious manner through an Employment Authorization. Plaintiff's objection is an attempt to increase the costs and delays associated with discovery, which is not permitted by the Federal Rules of Civil Procedure and is specifically disfavored by this Court, as set forth Magistrate North's Civil Guidelines.

- Plaintiff should be required to: (1) withdraw her objections to this request, (2) provide a signed Employment Authorization.

## CONCLUSION

For these reasons, Dr. Lasky respectfully moves that the Court enter an order compelling Plaintiff to comply with Dr. Lasky's requests set forth above and pay Dr. Lasky's attorneys' fees for bringing this motion.

Respectfully submitted,

*/s/ Leslie W. Ehret*
Leslie W. Ehret, T.A.  (LA Bar No. 18494)
Benjamin M. Castoriano  (LA Bar No. 31093)
**FRILOT L.L.C.**
1100 Poydras Street, Suite 3700
New Orleans, LA  70163
Telephone:	(504) 599-8000
Facsimile	(504) 599-8100
Email:	lehret@frilot.com
	bcastoriano@frilot.com

**Counsel for Defendant, Joseph Lasky, M.D.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing pleading was served upon plaintiff's counsel electronically via the CM/ECF filing system this 30th day of June, 2020.

/s/ Leslie W. Ehret