UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LESLEY ANN SAKETKOO, MD, MPH      CIVIL ACTION

VERSUS      NUMBER: 19-12578

TULANE UNIVERSITY SCHOOL      SECTION: "I"(5)
OF MEDICINE, ET AL.

**ORDER AND REASONS**

### I. Introduction

Before the Court is a blizzard of discovery motions filed by and against every litigant in this case, accompanied by a bevy of opposition, reply and sur-reply memoranda. (Rec. docs. 55, 57, 66, 67, 68, 72-2, 76, 77, 81, 83). Before addressing the specific motions and ruling thereon, the Court makes some threshold observations about how these matters made their way to the Court.

On June 25, 2020, the Court received an email request from counsel for all parties to convene a "telephone discovery status conference" the next day or as soon as possible. (Rec. doc. 86-1). Wanting to assist the parties and avoid unnecessary motion practice, the Court immediately scheduled the requested conference and convened it the next day. This was, as it turns out, an entirely wasted effort on the Court's part.

At the status conference, counsel for the parties shared that they had been engaged in a multi-day Rule 37 conference to sort out their respective objections to each other's requests and responses. Plaintiff's counsel, for her part, indicated that she was preparing to supplement her responses on behalf of her client. Hearing this, the Court specifically instructed the parties to meet and confer again following service of those supplemental

responses and, only if and when that conference failed to bear fruit, file their appropriate motions.[1]

The parties advise the Court in their various pleadings that, on June 29, 2020, Plaintiff's counsel made a supplemental production of over 8,000 pages, approximately 6,500 of which were being produced for the first time. (Rec. doc. 71). In addition, the Defendants also supplemented their discovery responses on July 1, 2020. Yet, despite the clear instruction of the Court and requirement of Rule 37 that the parties confer on the supplemental productions before filing discovery motions, no follow-up conferences were convened. Indeed, the day after Defendants received these many pages of documents for the first time, they filed motions to compel and exhibits respectively totaling 164 and 175 pages (rec. docs. 55, 57) – it is inconceivable that a 6,500-page production could have been adequately reviewed before the compilation of these pleadings.

The Court ordered defense counsel to explain this series of events and their failure to confer as directed by the Court. (Rec. doc. 70). Defense counsel did so in respective declarations filed into the record on July 7 and 8, 2020. (Rec. docs. 71, 73). Their explanations are unsatisfactory (where they are even comprehensible).

For instance, counsel for Dr. Lasky in one breath complain that "despite Plaintiff's representation during the June 23-24 conference that she would correct those deficiencies in her supplemental responses, <u>she did not do so</u>." (Rec. doc. 71 at pp. 1-2 (emphasis in original)). Yet almost immediately after making this representation to the Court, counsel state that, because of impending deadlines, "Dr. Lasky did not have the luxury of waiting until

---

[1] Alas, there was no court reporter for the late-requested conference so the Court and the parties will have to trust the Court's memory, which is still pretty good – especially for events that occurred only a couple of weeks ago.

after reviewing the June 29 production to file a motion." (*Id.* at 2). This rather obviously begs the question, if Dr. Lasky's counsel did not have the "luxury" of reviewing the supplemental production before filing a motion, how do they know that supplemental production failed to correct deficiencies identified in the parties' Rule 37 conferences?

For their part, counsel for the remaining defendants claim to have reviewed Plaintiff's supplemental production, deeming it to have failed to correct a single deficiency identified by them in the parties' earlier Rule 37 conference. The Court doesn't believe it is humanly possible to <u>adequately</u> review and assess the completeness of over 6,000 pages of new production <u>and</u> file a 164-page motion to compel with exhibits within a 24-hour period.

This is not acceptable practice – and that goes for Plaintiff's counsel as well, who also failed to reconvene a Rule 37 conference before filing her own motion to compel. Litigants simply do not get to ignore the rules and directives of the Court or otherwise engage in self-help simply because they face time pressures or want to avoid a "whack-a-mole" game that they predict will result from their following those rules and directives. (Rec. doc. 71 at 2).

Counsel are hereby warned that any future episodes of this type will be met with severe consequences. This practice has wasted the Court's time and resulted in over 600 pages of documents filed in the span of only a couple of weeks, all accompanied with pleadings urging the Court to drop everything (as it already did once for no good reason) to rule on their motions expeditiously. This cannot happen again. And while the Court would be acting well within its discretion if it flatly denied the parties' respective motions under the circumstances, it declines to do so here and will address the various arguments raised by the parties.

Before doing that, however, one additional matter must be addressed. Counsel for the parties all agree that they participated in a multi-day Rule 37 conference before the Court held its telephonic discovery status conference on July 26, 2020. Inexplicably, though, counsel disagree on what issues were discussed at that conference. Arguments to this Court from the parties about what was discussed at the conference fall on deaf ears, as there is no record of the conference – a problem that will not re-occur. For the reminder of this litigation, if and when the parties conduct a Rule 37 discovery conference, that conference is to be transcribed by a court reporter and the cost of that exercise will be borne 50/50 by Plaintiff and Defendants. The Court will not referee swearing contests between lawyers about the contents of their own conversations without a contemporaneous record of those conversations.

## II. The Parties' Motions

### A. Motion to Compel Complete and Compliant Responses to Dr. Lasky's First Set of Discovery to Plaintiff and for Attorney's Fees by Joseph Lasky (Rec. doc. 55)

1. Interrogatory No. 1

Plaintiff shall respond fully to this interrogatory by providing the requested information for each witness identified by her.

2. Interrogatory No. 3

Plaintiff shall separately identify which witnesses she believes have knowledge regarding each of the allegations separately listed in this interrogatory. Plaintiff need not, however, separately identify those documents she believes support each of the allegations listed in this interrogatory, as such a requirement would be invasive of her attorney's opinion work product.

3. Interrogatory No. 11

Plaintiff indicates in her brief that information responsive to this interrogatory should have been included in her expert report, which was to have been provided prior to the issuance of this order. She need not provide the information separately from her expert report.

4. Request for Production No. 2

This request is impermissibly overbroad, as it seeks "all documents that contain information supporting and/or relating to" nine separate allegations in her complaint. (Rec. doc. 55-2 at pp. 13-14). In this Court's view, any request for "all" documents" that "relate to" a thing is, by definition, overbroad and improper. Plaintiff need not respond to this request.

5. Request for Production No. 11

If she has not already done so, Plaintiff shall execute each of the authorizations provided to her by Defendants.

B. *Motion to Compel Complete and Compliant Responses to Tulane University's and Lee Hamm, M.D.'s First Set of Discovery to Plaintiff and for Attorney's Fees filed by Administrators of the Tulane Educational Fund, Lee Hamm (Rec. doc. 57)*

1. Interrogatory No. 3

Plaintiff shall identify her current salary, benefits and supervisor.

2. Interrogatory No. 13

Plaintiff shall identify the female counterparts that she believes are paid less than these male physicians. If Plaintiff has no information about any female counterparts who were allegedly paid less she must say so.

5

3. Document production issues

Plaintiff shall make a reasonable effort to marshal and produce the requested documents, including email attachments, and may not avoid that obligation by pushing it off on Tulane. Once she has completed that production, she shall provide Defendants with a declaration indicating that her production is complete and, if it is not complete, explain why (*i.e.,* an explanation beyond blaming vague "technical issues" for her inability to retrieve certain ESI).

As for the format of ESI produced by the Plaintiff, she shall comply with Rule 34 and the requests of Defendants as to that format. Specifically, she shall produce responsive ESI in a searchable PDF formation, accompanied by a Concordance.DAT file containing the beginning and ending Bates numbers and document IDs. Excel spreadsheets, audio, video and database files shall be produced in native format, accompanied by a Summation load file containing the beginning and ending Bates numbers and file name. If for any reason Plaintiff is unable to accomplish any of these tasks, she shall explain why in detail.

Finally, as with the responses to Dr. Lasky's requests, Plaintiff is to execute all authorizations provided to her by Defendants.

C. *Omnibus Motion to Compel Defendants filed by Plaintiff (Rec. doc. 68)*

Defendants shall respond fully to Plaintiff's requests for information related to comparators. Defendants' objections that seek to narrow the scope of discovery as to potential comparators are overruled – these are evidentiary issues for another day. The rules as to scope of discovery are broad enough to allow discovery of the information sought here by Plaintiff. This includes Plaintiff's request for information and/or documents about

other women who worked with Dr. Lasky or at Tulane Medical School and complained of gender discrimination or hostile work environment.

Finally, to the extent such information exists, Defendants shall respond fully to Plaintiff's request for information regarding "informal" complaints. Any effort to minimize this request by describing it as seeking "water cooler" gossip is unhelpful. Plaintiff seeks, for instance, "emails, complaints and any documentation wherein an employee under Defendant Hamm's supervision complained about gender discrimination in the School of Medicine even though it was not lodged formally with OIE." (Rec. doc. 68-1 at p. 5). Such information is discoverable and shall be provided by Defendants.

*D. The Parties' requests for attorneys' fees*

For the reasons explained at the beginning of this Order and Reasons, no party is entitled to recover attorneys' fees an costs for the filing of these motions.

New Orleans, Louisiana, this 16th day of July, 2020.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE