UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LESLEY ANN SAKETKOO, MD, MPH | * | CIVIL ACTION |
| | * | |
|     Plaintiff | * | NO. 19-cv-12578 |
| | * | |
| VERSUS | * | JUDGE LANCE M. AFRICK |
| | * | |
| TULANE UNIVERSITY SCHOOL OF | * | MAGISTRATE JUDGE |
| MEDICINE, ADMINISTRATORS OF THE | * | MICHAEL NORTH |
| TULANE EDUCATIONAL FUND, LEE HAMM, | * | |
| MD, AND JOSEPH LASKY, MD | * | |
| | * | |
|     Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DR. JOSEPH LASKY'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DISCOVERY DEADLINES, EXTEND PRE-TRIAL DEADLINES, AND CONTINUE TRIAL DATE

Defendant Joseph Lasky, M.D. ("Dr. Lasky") submits this opposition to Plaintiff's Motion to Continue Discovery Deadlines, Extend Pre-Trial Deadlines, and Continue Trial Date (R. Doc. 94). This is Plaintiff's <u>second</u> request for a continuance of the trial of this matter and <u>third</u> request for a continuance of Scheduling Order deadlines.  Plaintiff claims she needs a continuance because she is awaiting the production of additional documents by Tulane that are necessary for her to conduct depositions. (R. Doc. 94-1, pp. 1-2). However, the below timeline shows Plaintiff's <u>own</u> delays have put her in this position. No continuance would be necessary if Plaintiff had acted diligently in discovery.

- Plaintiff filed this lawsuit on September 12, 2019. (R. Doc. 1).

- On February 5, 2020, the Court issued its first Scheduling Order, setting a discovery deadline of June 1, 2020, and a trial date of August 24, 2020. (R. Doc. 32).

- On March 5, 2020, Plaintiff served her first sets of discovery on Dr. Lasky (R. Doc. 55-6) and Tulane.

- In light of the COVID-19 pandemic, the parties mutually agreed to extend their deadlines to

respond to discovery to May 20, 2020. (R. Doc. 57-4).

- On April 7, 2020, the parties jointly moved for a stay or, alternatively, a continuance of the trial date and Scheduling Order deadlines. (R. Doc. 44).

- On April 8, 2020, the Court granted a continuance of the trial date and Scheduling Order deadlines. (R. Doc. 46).

- On April 16, 2020, the Court entered its second Scheduling Order, continuing the discovery deadline to August 17, 2020, and the trial date to November 16, 2020. (R. Doc. 48).

- On May 20, 2020, Dr. Lasky provided his responses to Plaintiff's discovery requests and, on May 20 and 21, 2020, Tulane provided its responses. (R. Docs. 77-1 and 57-6). All Defendants objected to Plaintiff's numerous requests asking they produce records relating to gender discrimination complaints by <u>any</u> female employee of Tulane's School of Medicine, irrespective of whether the employee was "similarly situated" to Plaintiff, i.e., irrespective of whether the employee worked in the Pulmonary Section where Plaintiff worked and irrespective of whether the employee had the same supervisor as Plaintiff, et. All Defendants also objected to producing pay records for <u>all</u> male physicians employed by Tulane's School of Medicine, irrespective of whether the male physicians were similarly situated to Plaintiff.

- On June 23 and 24, 2020, over one month after Defendants provided their discovery responses and objections, a Rule 37 discovery conference was held to discuss their responses, as well as Plaintiff's.[1] Plaintiff did not discuss a Rule 37 conference before late June 2020.

- On June 30, 2020, Plaintiff filed a motion to continue deadlines for submitting expert reports, citing information she claimed she needed from Tulane that would form the basis of a yet-to-be-filed motion to compel. Plaintiff stated her motion was brought "in an effort to preserve the current trial date." (R. Doc. 53).

- On July 2, 2020, the Court granted Plaintiff's motion, continuing the parties' deadlines for submitting expert reports and continuing the general discovery deadline to August 24, 2020. The Court noted, "No further extensions of deadlines will be granted, as the Court questions the tardiness of the plaintiff's motion." (R. Doc. 65).

- On July 3, 2020, 44 days after the Defendants provided Plaintiff their discovery responses, Plaintiff filed a motion to compel additional responses. (R. Doc. 68).

- On July 16, 2020, Judge Michael B. North issued an Order granting Plaintiff's motion to compel and granting in part Defendants' motions to compel. With respect to Plaintiff's motion, Judge North ordered Defendants supplement their discovery responses with voluminous information and documentation relating to supposed "comparators" (i.e., records regarding any gender discrimination complaints made by other female Tulane School of

---

[1] The delay in holding the conference was indisputably caused by Plaintiff's failure to provide responses to Defendants' discovery requests between May 20, 2020, and late June 2020. This was described in detail in Dr. Lasky's opposition to Plaintiff's motion to extend expert report deadlines. (R. Doc. 63).

2

Medicine physicians and pay records of male Tulane School of Medicine physicians). Judge North noted that, while those records may or may not be admissible at trial, he believed they were discoverable. (R. Doc. 87).

- On July 21, 2020, Dr. Lasky provided his supplemental responses to Plaintiff's discovery requests, in compliance with Judge North's July 16, 2020, Order.

- On July 28, 2020, Tulane provided supplemental responses to Plaintiff's discovery requests, producing 11,103 pages of additional documents and 50 excel files.

This timeline shows it is not a delay on the part of Defendants that has put Plaintiff in the position of seeking a continuance. Defendants supplemented their discovery responses expeditiously after Judge North issued his July 16, 2020, Order. Plaintiff is in this position primarily because she: (1) waited one month after the Court issued its original Scheduling Order to propound discovery (a time period when there were no delays related to COVID-19) and (2) waited over six weeks after Defendants provided their discovery responses to file a motion to compel. Furthermore, Defendants offered to consent to a short extension of the discovery deadline (i.e., two weeks) as long as a similar extension was allowed for the dispositive motion filing deadline – without upsetting the trial date.  Plaintiff declined the offer in lieu of moving for a continuance of all deadlines and the trial date.

Also of critical importance, Dr. Lasky would be <u>severely and unnecessarily prejudiced</u> by a continuance of the trial date and Scheduling Order deadlines because:

1. As will be discussed further during the status conference scheduled for August 5, 2020, Plaintiff's deposition testimony forecloses her ability to maintain her two remaining claims against Dr. Lasky, civil assault and Equal Pay Act.  Indeed, this court recognized in its ruling on Dr. Lasky's motion to dismiss that dismissal of Plaintiff's assault claim, even then, was "a close call." (R. Doc. 37).

2. The additional documents Plaintiff claims she needs in order to conduct depositions is not and will never be relevant to Plaintiff's two claims against Dr. Lasky.  So, the issues raised in Plaintiff's motion provide no fair or reasonable basis to delay resolution of the claims against Dr. Lasky.

    a. As will be discussed during the August 5, 2020, status conference, Plaintiff testified she could not identify any male employees comparable to her for purposes of her

EPA claim, so additional documentation regarding the pay of other male employees will not assist her claim. Additional "comparator" documentation also will not assist Plaintiff's EPA claim against Dr. Lasky because Plaintiff's testimony conclusively establishes Dr. Lasky was not her "employer" for purposes of that claim.

b. Obviously, "comparator" information has no bearing on Plaintiff's civil assault claim against Dr. Lasky, which relates to a single incident involving only Plaintiff and Dr. Lasky.

For these reasons, and those to be discussed further during the August 5, 2020, conference, Plaintiff's motion should be denied.

Respectfully submitted,

*/s/ Leslie W. Ehret*
Leslie W. Ehret, T.A. (LA Bar No. 18494)
Benjamin M. Castoriano (LA Bar No. 31093)
**FRILOT L.L.C.**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8000
Facsimile (504) 599-8100
Email: lehret@frilot.com
bcastoriano@frilot.com

**Counsel for Defendant, Joseph Lasky, M.D.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing pleading was served upon plaintiff's counsel electronically via the CM/ECF filing system this 4th day of August, 2020.

*/s/ Leslie W. Ehret*