UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LESLEY ANN SAKETKOO, MD, MPH** * | | **CIVIL ACTION** |
| * | | |
| **Plaintiff,** * | | |
| * | | |
| **VERSUS** * | | **NO. 2:19-cv-12578** |
| * | | |
| **TULANE UNIVERSITY SCHOOL OF** * | | |
| **MEDICINE, ADMINISTRATORS OF** * | | |
| **THE TULANE EDUCATIONAL FUND,** * | | **JUDGE LANCE M. AFRICK** |
| **LEE HAMM, MD, AND JOSEPH** * | | |
| **LASKY, MD,** * | | |
| * | | |
| **Defendants** * | | **MAGISTRATE MICHAEL B. NORTH** |

**THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND AND LEE HAMM, M.D.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DISCOVERY DEADLINES, EXTEND PRE-TRIAL DEADLINES, AND CONTINUE TRIAL DATE**

Defendants, the Administrators of the Tulane Educational Fund and Lee Hamm, M.D. (collectively "Tulane"), provide this Memorandum in response to Plaintiff Lesley Saketkoo's Motion to Continue Discovery Deadlines, Extend Pre-Trial Deadlines, and Continue Trial Date (R. Doc. 94). Plaintiff's need for this third request for an extension of the discovery deadline is entirely of her own making. However, Tulane is willing to discuss extending the discovery and motion filing cutoffs for a reasonable period.

**A. Plaintiff's discovery difficulties are a result of her own delays.**

Plaintiff's Motion seems to imply that delays in this case are due to Tulane, but that is not the case.

1. To date, Tulane has produced 21,473 pages of documents in response to Plaintiff's extensive discovery requests. Plaintiff first served discovery on Tulane on March 5, 2020. Given the uncertainty surrounding the Covid-19 pandemic, the parties mutually agreed to seek a continuance of the trial date and discovery

3833778-1

deadlines, and this Honorable Court entered a revised Scheduling Order on April 16, 2020 ordering that discovery be completed by Monday, August 17, 2020.[1] (R. Doc. 48). Thus, the parties have known since mid-April that they would have three months after the exchange of discovery responses to issue supplemental requests and depose witnesses. Yet Plaintiff insisted on waiting another month before providing long-overdue responses to Defendant's discovery requests.

2. While Defendants have acted diligently in responding to Plaintiff's discovery requests, Plaintiff has delayed at seemingly every opportunity. (R. Doc. 63, 64, 95). Plaintiff was in possession of Tulane's document production for six weeks before she filed a motion to compel about it. (R. Doc. 68).[2] Plaintiff waited for four weeks after the parties held a multi-day Rule 37 Conference to send Tulane a list of search terms she requested that Tulane utilize to attempt to locate additional responsive documents – at which point Plaintiff had been in possession of Tulane's document production for seven weeks. Plaintiff's proposed search terms returned 320,116 hits and required a member of Tulane's IT department to devote themselves almost entirely to the task of locating documents for this litigation at a time when Tulane is attempting to prepare for the return of students, faculty, and staff to a more technology-dependent campus.

3. At Plaintiff's request, the parties exchanged their supplemental production on July 28. Tulane's supplemental production encompassed 11,103 pages of documents and included documents sought by Plaintiff's motion to compel and documents

---

[1] The discovery deadline was extended, at Plaintiff's request, to August 24th in the Court's Order dated July 2d. (R. Doc. 53, 65).

[2] Despite Tulane's objections, Magistrate Judge North granted Plaintiff's motion on July 16, requiring broad discovery from Tulane, including extensive financial data regarding the salaries of every faculty member in the Department of Medicine. Judge North made no ruling on the appropriateness of Plaintiff's purported comparators or the admissibility of these requested documents at trial. (R. Doc. 87).

3833778-1

located as a result of Plaintiff's requested search terms. Tulane informed Plaintiff that the results obtained via searches of Plaintiff's requested terms is ongoing and that Plaintiff should expect further supplemental productions.

4. Plaintiff's delays, and her fishing expedition discovery requests, place her in this position. Plaintiff opted to wait until July 2 to file a motion to compel, then waited until July 14 to provide Tulane with search terms she requested Tulane utilize for a supplemental search, which are so general that more than 320,000 hits must be searched - leaving a very limited time for Plaintiff to conduct any additional discovery before the new discovery cutoff of August 24.

B. **Plaintiff's examples of outstanding discovery misrepresent the situation.**

That Tulane has produced 21,473 pages of responsive documents to date evidences the extensive investigation conducted in order to respond to Plaintiff's over-broad discovery.

Tulane's May 20th Document Production included documents obtained from the following sources:

- Documents uploaded in response to Preservation Notices sent to twenty-six individuals;

- Documents obtained from various offices in the School of Medicine and University as a whole responsive to specific requests such as those relating to Plaintiff's clinical trials and OIE investigations into named Defendants;

- Documents located via searches of the email accounts of:
  o Dr. Lee Hamm; Dr. QiQi Zhou; Dr. Nicholas Verne; Dr. Ross Klingsburg; Dr. Joseph Lasky; and Sue Pollack
    - Date range: January 1, 2017[3] – June 30, 2019
    - Keywords: "Saketkoo" AND specific terms relating to Plaintiff's clinics, deficits, contracts, and OIE complaint
  o Plaintiff
    - Date range January 1, 2017 – June 30, 2019
    - Keywords: relating to gender, harassment, pay, clinics, deficit, contract, and OIE; and
    - Date range September 1, 2018 – June 30, 2019

---

[3] Plaintiff joined Dr. Lasky's Section in 2017; he therefore became her supervisor at that point.

3

3833778-1

- Keywords: relating to Plaintiff's assault claim

Following the parties' Rule 37 Conference, Tulane produced responsive documents on July 28th located via additional searches from the following sources in response to specific requests from Plaintiff:

- Documents located via searches of the email accounts of:
  - Dr. Lee Hamm, Dr. Joe Lasky, and Dr. Veichi Batuman
    - Date range: March 1, 2019 – present
    - To / From: Nirav Patel
    - Keyword: Saketkoo; and
    - Date Range: March 1, 2019 – present
    - Keywords: "Patel", "LSU", "UMC", "clinic" or "trial;"

- Direct follow-up with Wendy Stark to request any documents relative to whether Ms. Stark brought a complaint regarding OIE's investigation into Plaintiff's claim (none existed);

- Direct follow-up with Chris Glynn to request any documents relative to an incident in which research samples were inadvertently destroyed (all were previously produced);

- Direct follow-up with custodian of clinical trial files to obtain documents responsive to Plaintiff's request for INCREASE trial documentation, properly identified for the first time in Plaintiff's Motion to Compel as the RIN-PH-201 trial.

On July 14th Plaintiff requested that Tulane search the email accounts of 26 Tulane employees, from January 1, 2015 and to present, using 44 discrete search terms. These searches returned a total of 320,116 documents. Tulane began the process of reviewing these 320,116 documents, most of which have nothing whatsoever to do with Plaintiff's claims, and produced 1,578 documents totaling 11,123 pages on July 28th.

As these searches detailed by Tulane demonstrate, Tulane has continually engaged in a good-faith effort to locate documents responsive to Plaintiff's document requests. Plaintiff's suggestion that Tulane failed to conduct a search that would have included the email account of Dr. Lasky or emails in which both "Lasky and Saketkoo" are referenced is simply ludicrous given the above.

Plaintiff also suggests that Tulane is improperly withholding documents relating to complaints made by various women. No such withholding is occurring. While such a topic is more properly addressed in a Motion to Compel, Tulane nonetheless notes that it has produced all formal complaints brought against Dr. Lasky. Moreover, as Tulane has repeatedly advised Plaintiff, Tulane School of Medicine and Tulane Medical Center are two distinct corporate entities; the Medical Center is owned by HCA. Tulane School of Medicine does not maintain employee records for the nurses employed by Tulane Medical Center. Tulane has produced what its extensive searches have revealed about formal and informal complaints. Tulane cannot produce what it does not have – and Tulane's failure to produce what it does not have is certainly not a basis for modifying the Court's Scheduling Order.

Finally, it is disingenuous for Plaintiff to suggest that depositions cannot be scheduled because of Tulane physicians' scheduling difficulties. Tulane is currently holding dates for the Dean of the School of Medicine, the Interim Chair of the Department of Medicine, and an Assistant Professor of Medicine at Plaintiff's request. To date, Plaintiff has not indicated whether she intends to actually notice those depositions. Dr. Lasky held two different dates, which required him to cancel his clinic, only for Plaintiff to unilaterally cancel one date and fail to respond to inquiries regarding whether Dr. Lasky's deposition will proceed on the second date. Tulane was also prepared to produce the Senior Associate Dean for Faculty Affairs, the Chief of the Section of Clinical Immunology, Allergy & Rheumatology, the Assistant Dean for Administration, the Assistant Dean for Finance, the OIE Director and the Director of the Sponsored Projects Administration to represent Tulane at the 30(b)(6) deposition, which was canceled at Plaintiff's request. Tulane has been requesting deposition dates and identities of deponents since April, and is prepared to move forward in the limited period remaining for discovery.

C. **Tulane Seeks to be Reasonable in Responding to Plaintiff's Motion**

Tulane is willing to discuss an extension of the discovery and motion filing cutoffs. Tulane also believes that Plaintiff should dismiss the individual defendants and narrow the scope of her claims, given Plaintiff's unequivocal deposition testimony that requires such a result. The "good cause standard [for modification of a Scheduling Order] requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Galliano Marine Serv. LLC v. Schumacher*, No. 17-9868; 2018 U.S. Dist. LEXIS 85525, at *2 (E.D. La. May 21, 2018) (Africk, J.) (quoting *S&W Enters., LLC v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). As clearly laid out by all Defendants in this case, Plaintiff has not acted diligently in pursuing discovery. Plaintiff attempts to shift the blame to Tulane rather than explain her failure to do so – but the issue is her own delays, retention of new counsel, and failure to prosecute in the early months of this case. However, Tulane would agree to a reasonable extension for discovery and motion filing.

Respectfully Submitted:

By: */s/ Julie D. Livaudais*
Julie D. Livaudais, T.A. (La. Bar No. 1183)
Rosalie M. Haug (La. Bar No. 37720)
Jesse G. Frank (La. Bar No. 38220)
-of-
CHAFFE McCALL, L.L.P.
1100 Poydras Street
2300 Energy Centre
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 544-6054
Email: livaudais@chaffe.com
haug@chaffe.com
frank@chaffe.com

*Attorneys for Defendants, The Administrators of the Tulane Educational Fund and Lee Hamm, M.D.*